

# NUMBER 13-08-00405-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THOMAS MARCUS MISTROT,                                   Appellant,

## v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant, Thomas Marcus Mistrot, appeals from his conviction of aggravated assault of a public servant, possession of a firearm by a felon, and evading arrest or detention. Appellant pleaded guilty to the possession of a firearm by a felon charge (count 5) and the evading arrest or detention charge (count 6). After entering a plea of not guilty

to aggravated assault of a public servant (counts 1 through 4), a jury found appellant guilty of counts 1 and 4, guilty of the lesser-included offense of deadly conduct in counts 2 and 3, guilty of possession of a firearm by a felon and guilty of evading arrest using a motor vehicle. After a hearing before the trial court, appellant was sentenced to thirty-five years' confinement in prison on counts 1 and 4, one year in county jail on counts 2 and 3, ten years on count 5, and two years in state jail on count 6, with all sentences to run concurrently. This appeal ensued.

Concluding that, in his professional opinion, "this appeal is without merit and frivolous," appellant's counsel filed a brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating "that no reversible error is reflected by the record." Counsel's brief discusses the portion of the record pertinent to the following arguable grounds of error presented: (1) the evidence was legally and factually insufficient to sustain convictions for the charges of aggravated assault of a public servant; (2) the trial court failed to consider mitigating evidence in determining appellant's sentence; (3) appellant's sentence is cruel and unusual in violation of the United States Constitution; and, (4) appellant was not given effective assistance of counsel at the punishment hearing. Including record references to the facts and setting out pertinent legal authorities, counsel presented a professional evaluation of the record explaining why he concluded that the evidence was sufficient to sustain factual as well as legal sufficiency claims, why the trial court did not abuse its discretion in sentencing

2

appellant, and why the record does not support or overcome the presumption that appellant was afforded effective assistance of counsel. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has certified to this Court that he has: (1) after diligently searching the record in this case and researching the applicable law, found no reversible error reflected by the record; (2) forwarded a copy of the brief and request to withdraw as counsel to appellant, and (3) informed appellant of his right to review the record and file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

## II. Pro Se Response Brief

On April 14, 2009, appellant filed a pro se response brief urging two issues. Appellant complains of ineffective assistance of trial counsel on grounds other than those

---

[1]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

3

presented by appellate counsel and of erroneous jury instructions. The State filed a reply brief to appellant's pro se response on May 6, 2009.

## III. Independent Review

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's brief, appellant's pro se response brief, and the State's reply brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## IV. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on February 12, 2009. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment

4

to appellant and to advise appellant of his right to file a petition for discretionary review.[2]
*See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                                NELDA V. RODRIGUEZ

                                                Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 14th day of May, 2009.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See id.* at R. 68.3; R. 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4.